UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-0352 JGB (SHKx)** | Date | March 12, 2025 |
|---|---|---|---|
| Title | *Jamil Anglin v. County of Riverside et al.* | | |

Present: The Honorable      JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:      Order (1) DENYING Defendants' Motion to Stay (Dkt. No. 32) and (2) VACATING the March 17, 2025 Hearing (IN CHAMBERS)**

Before the Court is a motion to stay filed by Defendants County of Riverside (the "County"), Riverside County Sheriff's Department ("RCSD"), Sheriff Chad Bianco ("Bianco"), Edward Delgado ("Delgado"), James Krachmer ("Krachmer"), and David Holm ("Holm"). ("Motion," Dkt. No. 32.) The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion and **VACATES** the March 17, 2025 hearing.

## I.   BACKGROUND

### A.  Procedural History

On February 13, 2024, Plaintiff Jamil Anglin ("Plaintiff") filed this action against Defendants County of Riverside (the "County"), Riverside County Sheriff's Department ("RCSD"), Sheriff Chad Bianco ("Bianco"), Edward Delgado ("Delgado"), James Krachmer ("Krachmer"), and David Holm ("Holm"), and Does 1-10, inclusive (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) On May 3, 2024, Plaintiff filed a first amended complaint. ("FAC," Dkt. No. 19.)

On June 4, 2024, the Court approved the parties' stipulation for Plaintiff to file a second amended complaint. (Dkt. No. 22.) On June 6, 2024, Plaintiff filed a second amended complaint. ("SAC," Dkt. No. 23.) The operative SAC alleges six causes of action: (1) failure to

protect from harm in violation of 42 U.S.C. § 1983 ("Section 1983"); (2) public entity liability for failure to perform mandatory duty; (3) municipal liability—unconstitutional custom, practice, or policy in violation of Section 1983; (4) municipal liability—failure to train in violation of Section 1983; (5) negligence; and (6) violation of f California Civil Code § 52.1 (Tom Bane Act).  (Id.)

On July 2, 2024, Defendants filed an answer.  ("Answer," Dkt. No. 24.)  On October 21, 2024, the parties filed a Join Rule 26(f) Report.  ("Joint Rule 26(f) Report," Dkt. No. 21.)  On October 30, 2024, the Court issued the following Civil Trial Scheduling Order: Amended Pleadings due by 2/3/2025; Discovery cut-off 12/15/2025; Motions cut-off 2/23/2026; Last date to conduct settlement conference 1/12/2026; Final Pretrial Conference set for 4/6/2026 at 11:00 a.m.; Jury Trial set for 4/21/2026 at 9:00 a.m.

On February 5, 2025, Defendants filed this Motion.  (Motion.)  On February 24, 2025, Plaintiff opposed the Motion.  ("Opposition," Dkt. No. 33.)

**B.  Factual Summary**

Plaintiff's civil rights SAC arises from various incidents that Plaintiff alleges occurred between January 3, 2023 and November 23, 2023, while was in custody at the Riverside County Jail.  (SAC ¶¶ 29-58.)  In sum, Plaintiff alleges was assaulted by other inmates on various occasions (Id. ¶¶ 32, 35, 36, 51); was delayed or denied medical attention (Id. ¶¶ 33, 37, 53.); suffered physical and psychological torture and threats from correctional officers (Id. ¶¶ 29, 39, 41, 55, 57); and was exposed to inhumane, overcrowded, or insanitary conditions of confinement (Id. ¶¶ 29, 43, 48).

On December 11, 2022, the People of the State of California filed a criminal complaint against Plaintiff in Riverside County Superior Court ("State Action") (Case No. INF2202507). (Motion at 3; "Ex. A," Dkt. No. 32-1.)  Plaintiff was charged with several felony counts including attempted murder, domestic violence, criminal threats, and misdemeanor child abuse.  (Id.) Plaintiff was placed in the Riverside County Jail following his December 10, 2022 arrest in the State Action.  (Id.)  Plaintiff is scheduled for a competency trial in the State Action on April 17, 2025.  (Id.; "Hanrahan Decl.," Dkt. No. 26-2 ¶ 5.)

## II.   LEGAL STANDARD

While a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket," Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)), staying civil proceedings pending the outcome of parallel criminal proceedings is not required by the Constitution.  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) ("The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."); see also CFPB v. Glob. Fin. Support, Inc., 2019 WL 1937571, at *2 (S.D. Cal. May 1, 2019) ("Stays of parallel proceedings are an exception, not the rule . . .").  When civil proceedings are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay

**CIVIL MINUTES—GENERAL**

the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007).

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433–34 (2009). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Keating, 45 F.3d at 324 (brackets in original) (quoting SEC v. Dresser Indus., 628 F.2d 1368, 1374 (D.C. Cir. 1980)). "[I]n light of the particular circumstances and competing interests involved in the case", district courts may stay civil proceedings "when the interests of justice seem [ ] to require such action." Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989) and Dresser, 628 F.2d at 1375). District courts principally evaluate whether the criminal defendant's Fifth Amendment rights would be burdened in addition to the following Keating factors:[1]

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325.

Furthermore, "stays should not be indefinite in nature." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007); Leyva v. Certified Grocers of California, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). "If a stay is especially long or its term is indefinite, a greater showing is required to justify it." Hunt v. Diaz, 2020 WL 8465095, at *2 (E.D. Cal. Oct. 30, 2020) (citing Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000)). The court "balance[s] the length of the stay against the strength of the justification given for it." Yong, 208 F.3d at 1119.

### III.  DISCUSSION

After considering each Keating factor below, the Court determines that a stay is not warranted.

---

[1] In Thissel v. Murphy, 2017 WL 6945402, at *2 (N.D. Cal. Apr. 4, 2017), the District Court for the Northern District of California notes that the Keating factors provide "an awkward fit" where the criminal defendant is not also the civil defendant, as was the case in Keating, but that the factors still provide a helpful guide for district courts in exercising their discretion to stay.

## A.  The Extent to Which Fifth Amendment Interests are Implicated

Defendants argue that, "[a]lthough [P]laintiff's [federal action] focus[es] on the conditions of his confinement instead of the facts underlying his [state] arrest, defendants in the [instant action] will undoubtedly seek to use the facts of the criminal case, and possibly his conviction, to impeach him in the [federal] civil trial." (Motion at 7-8.)  Defendants contend that Plaintiff may be forced to choose between surrendering his Fifth Amendment right against self-incrimination or invoking his right and suffering the consequential adverse inference.  (Id.)

Plaintiff argues that the instant action focuses on the distinct factual and legal issues arising from the conditions of his confinement, unrelated to his arrest in the State Action. (Opposition at 2.)  The Court agrees with Plaintiff.  The allegations in his SAC begin almost a month after his state arrest and do not involve the officers who arrested Plaintiff.  (See SAC.) Defendants have failed to establish that any facts underlying his arrest or the charges against him are relevant to his Section 1983 claims such that discovery would implicate Plaintiff's Fifth Amendment rights in the State Action.  Accordingly, this factor weights against granting a stay.

## B.  Plaintiff's Interest in Proceeding Expeditiously

The second Keating factor asks courts to weigh a plaintiff's interest in proceeding expeditiously and the potential prejudice to a plaintiff if a stay is issued.  Keating, 45 F.3d at 325. Like all civil plaintiffs, Plaintiff "has an interest in having [his] case resolved quickly."  ESG Capital Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014).  (Opposition at 3.) Plaintiff's interest in timely proceedings, however, goes beyond a general interest in resolving his claims expeditiously.

Plaintiff contends that a stay threatens his ability to secure evidence: "memories [may] fade, records [may] be lost, and parties may pass away."  ("Richardson Decl.," Dkt. No. 33 at 4, ¶ 4.)  His argument finds considerable support in the case law.  See, e.g., Clinton v. Jones, 520 U.S. 681, 707-708 (1997) (finding that delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (holding that unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale"); Sw. Marine, Inc. v. Triple a Mach. Shop, Inc., 720 F. Supp. 805, 809 (N.D. Cal. 1989) (noting that as civil cases are delayed, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end"); Vargas, 2019 WL 6655269, at *3 (finding that delay "inherently increase[s] the risk that witnesses' memories will fade and evidence will become stale").  In a conditions of confinement case like this one, the testimony of a small number of eyewitnesses may be critical.

The Court also notes that Defendants seek a stay of undetermined length.  (Motion at 6 (requesting that the Court stay discovery until "there is a final judgment in [P]laintiff's criminal case.").)  Indefinite stays are disfavored.  See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.").

Plaintiff's "competency trial" has been continued four times from November 19, 2024 to January 7, 2025, to February 5, 2025, and is now set for April 17, 2025. (Motion at 2-3.) It is unclear from the Motion whether Plaintiff has been ordered to undergo or has completed a competency examination. It is also unclear when or if there will be a final judgment on Plaintiff's State Action. As a result of the indefinite stay Defendants seek, correctional officer and inmate witnesses may relocate, become harder to track down, or their memories and reliability degrade. See Estate of Morad v. City of Long Beach, 2017 WL 5187826, at *8 (C.D. Cal. April 28, 2017) (the "case relies strongly on the memories and impressions of bystanders who watched Officer Hernandez's interactions with Morad. Those memories likely have already begun to degrade and will only degrade further with the passage of time. Plaintiffs' ability to prosecute the action thus requires the litigation to move forward in a reasonably efficient manner.").

Furthermore, Plaintiff has sued unnamed and unidentified Defendants in this matter. (See SAC.) A prolonged stay could make it more difficult for Plaintiff to locate and identify Doe Defendants. See Petrov v. Alameda Cty., 2016 WL 6563355, at *4 (N.D. Cal. Nov. 4, 2016) (explaining that "[c]ourts have [] found prejudice to a plaintiff where a stay of discovery might result in his inability to identify other potential defendants" and collecting cases).

Accordingly, the Court finds that the second Keating factor strongly cuts against a stay.

## C. Burden on Defendants

Next, the Court considers the burden on Defendants in the absence of a stay. Keating, 45 F.3d at 325. Defendants argue that "even though [P]laintiff is represented by counsel . . . any discovery in the civil case is tainted by its production by a possibly incompetent plaintiff who 'lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case.'" (Motion at 6 (Quoting AT&T Mobility v. Yeager, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).)

The Court is unpersuaded. First, as discussed above, Defendants do not seek a stay until Plaintiff's competency is determined; instead, they seek an indefinite stay until judgment is reached on the State Action, even though the two cases arise from separate events. Second, it is unclear from the Motion whether Plaintiff has been ordered to undergo a competency examination, or which party in the State Action is requesting Plaintiff be evaluated for competency to stand trial. Importantly, Plaintiff has not been determined to be incompetent to stand trial. (See Motion.) Without more, the Court cannot find that the interests of justice require a stay. Finally, because the discovery cut-off is not scheduled until December 15, 2025, the parties may chose to wait to conduct the more sensitive aspects of discovery, such as Plaintiff's deposition, until the final phase of the parties' discovery plan, after Plaintiff's competency trial.

As a result, the Court finds that the third Keating factor weights against a stay.

**D.  Convenience of the Court and Efficient Use of Judicial Resources**

The fourth <u>Keating</u> factor assesses whether a stay would be convenient to the Court and help conserve judicial resources.  <u>Keating</u>, 45 F.3d at 325.  "Courts have recognized that th[e fourth] <u>Keating</u> factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'"  <u>Stratos</u>, 22 F. Supp. 3d at 1047 (quoting <u>Molinaro</u>, 889 F.2d at 903); <u>see also</u> <u>Gen. Elec. Co. v. Liang</u>, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) ("[T]his factor typically weighs against the granting of a stay").  Here, delaying this matter with a prolonged stay would impair the Court's ability to manage its docket.  Absent a determination of incompetency, any benefits to judicial efficiency are uncertain at best.  The Court finds that the fourth <u>Keating</u> factor weighs against a stay.

**E.  Interests of Non-Parties and the Public**

The fifth and sixth <u>Keating</u> factors are the interests of non-parties and the public in obtaining a stay.  <u>Keating</u>, 45 F.3d at 325.  As to non-parties, Defendants merely state that "[t]he interests of non-parties will probably not be adversely affected by a stay of [P]laintiff's civil case because they are primarily law enforcement or correctional officials."  (Motion at 9.)  However, Defendants argue that "the interests of the non-parties in the criminal case, specifically a victim of domestic violence and a minor victim of child abuse, would be better served by permitting the criminal case to be completed before civil discovery because cases with a minor victim-witness have priority over other cases."  (<u>Id.</u>)  Finally, Defendants argue that the public has a strong interest in preserving Plaintiff's Fifth Amendment privilege.  (<u>Id.</u> at 10.)

As discussed above, the Court finds that any threat to Plaintiff's Fifth Amendment privilege in this proceeding is remote because each case arises from distinct legal and factual issues and events.  Regarding the interests of the State Action's alleged victims, the Court finds no reason why proceeding with this conditions of confinement case would interfere with or delay Plaintiff's State Action.  The victims are not witnesses to this action.  Counsel in this case are not representing or prosecuting Plaintiff in his State Action.

In sum, the totality of the <u>Keating</u> factors counsel against the issuance of a stay.  Accordingly, the Court **DENIES** the Motion.

### IV.    CONCLUSION

For the reasons above, the Court **DENIES** the Motion and **VACATES** the March 17, 2025 hearing.

**IT IS SO ORDERED.**